| | |
|---|---|
| Conal Doyle, Calif. Bar No. 227554<br>WILLOUGHBY DOYLE LLP<br>   1814 Franklin Street, Suite 800<br>   Oakland, CA 94612<br>   (T):  (510) 451-2777<br>   (F):  (510) 835-1050<br>   (E):  conal@willoughbydoyle.com | Adele Kimmel, Calif. Bar No. 126843<br>PUBLIC JUSTICE, P.C.<br>   1825 K Street, NW, Suite 200<br>   Washington, DC 20006<br>   (T):  (202) 797-8600<br>   (F):  (202) 232-7203<br>   (E):  akimmel@publicjustice.net |

Attorneys for Plaintiff MARTIN HERNANDEZ BANDERAS

THOMAS P. O'BRIEN
United States Attorney
KATHERINE M. HIKIDA
Assistant United States Attorney
Calif. Bar No. 153268
TERRENCE M. JONES
Assistant United States Attorney
Calif. Bar No. 256603
   Federal Building, Suite 7516
   300 North Los Angeles Street
   Los Angeles, California 90012
   (T): (213) 894-2879
   (F): (213) 894-7819
   (E): katherine.hikida@usdoj.gov / terrence.jones@usdoj.gov

Attorneys for Defendant UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARTIN HERNANDEZ BANDERAS,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        Defendants. | Case No:   CV 08-6594  PSG (CTx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Sched. Conf.:   March 9, 2009<br>Conf. Time:     2:00 p.m.<br>Courtroom:      790<br><br>Hon. Philip S. Gutierrez<br>United States District Judge |

COMES NOW plaintiff MARTIN HERNANDEZ BANDERAS and defendant UNITED STATES OF AMERICA,[1] by and through the undersigned counsel, who conducted an early meeting of counsel and file this report pursuant Federal Rule of Civil Procedure 26(f)and Local Rule 26-1:

**A.     CASE SUMMARY**

**Plaintiff's Allegations:**

MARTIN HERNANDEZ BANDERAS ("HERNANDEZ BANDERAS"), former immigration detainee, received such grossly inadequate medical care for diabetic foot wound while in federal custody that he developed a gangrenous skin and bone infection that has resulted in permanent physical deformity and impairment, including a recommendation to amputate his leg due to severe tissue death. This lawsuit charges the federal government, and/or their agents, with constitutional violations, and medical negligence and other torts, based on their egregious medical neglect of HERNANDEZ BANDERAS. The Defendants' refusal to provide HERNANDEZ BANDERAS reasonable and humane medical care while he was in custody was tantamount torture. He was denied adequate medical care, including a referral to a diabetic wound specialist, that would have prevented tremendous pain and suffering, physical disfigurement, and the future loss of his leg. His medical condition was so serious, and the stench of dying and

---

[1] The United States contends that this joint report and the March 9, 2009 scheduling conference are premature, since only two of the five parties to this action are able to participate. As of the date of the filing of this report, the United States is the only named defendant that has appeared in this action. Defendant Migliaccio has yet to be served, and defendants Shack's and Hui's responses to the complaint are not due until after the scheduling conference (4/11/09 and 3/14/09, respectively). Moreover, the three individual defendants are in the process of resolving issues regarding their representation. As such, it would be inappropriate for the United States and plaintiff to, among other things, purport to bind the individual defendants to various deadlines to which they did not agree, and which may ultimately have to be amended.

decaying flesh on his leg became so overbearing, that his fellow detainees staged a hunger strike in an effort to coerce DIHS to provide HERNANDEZ BANDERAS appropriate care.[2]

**Defendant United States of America's Contentions and Defenses:**

The United States denies plaintiff's claims. The United States contends that plaintiff received adequate medical care while in federal custody. The United States also contends that its policies and procedures with regard to providing medical care to immigration detainees, and with regard to hiring, training, and supervising those who render medical care to immigration detainees, are adequate.

**B.   DISCOVERY**

**Plaintiff's Proposed Discovery Dates:**

Plaintiff has proposed the following discovery plan:

(A)   Plaintiff contends that discovery does not need to be conducted in phases.

(B)   Plaintiff will serve his initial Rule 26 disclosures by March 6, 2009. Plaintiff intends to serve written discovery, depose their respective witnesses, disclose experts and depose those experts. Discovery will likely involve obtaining voluminous medical records and deposing several treating doctors.

(C)   Plaintiff proposes that the parties disclose expert witnesses pursuant to

---

[2] Defendant HUI has now retained private counsel, Manning and Marder LLP. Dr. HUI's counsel was invited to participate in filing this Joint Report and participate in a Rule 26 Conference today. Patrick Hurley, Esquire, has declined to participate in filing the Joint Report or participating in a Conference due to the fact that his Firm has not appeared in the action and Dr. HUI's responsive pleading is not due until March 13, 2009. Mr. Hurley maintains that a continuance of the Scheduling Conference by the Court would be appropriate in that all of the individual defendants have not appeared in the action. Plaintiff maintains that there is no reason why the Court should not enter a scheduling order with trial date, so that the case can move forward expeditiously. However, Plaintiff also does not oppose a short continuance of the Scheduling Conference if the Court deems it appropriate.

Rule 26 on or before July 1, 2009, supplemental expert disclosure on August 1, 2009, with a discovery cutoff (including expert discovery) of September 1, 2009.

**Defendant United States' Proposed Discovery Dates:**

As set forth above, *supra* at fn.1, the United States contends that this Joint Report and the March 9, 2009 scheduling conference are premature, since only two of the five parties to this action are able to participate. Thus, it would be inappropriate for the United States and plaintiff to, among other things, purport to bind the individual defendants to discovery deadlines to which they did not agree, and which may ultimately have to be amended.

Nonetheless, the United States proposes the following discovery dates:

| | |
|---|---|
| Expert Disclosure: | October 2, 2009 |
| Rebuttal Disclosure: | November 2, 2009 |
| Discovery Cutoff: | December 4, 2009 |

The United States agrees that discovery does not need to be conducted in phases. The United States will serve its initial Rule 26 disclosures by March 6, 2009. The United States intends to serve written discovery, conduct a Fed.R.Civ.P. 35 medical examination of plaintiff, and depose various percipient and expert witnesses.

**C.   PROPOSED MOTIONS**

The parties may file motions for summary judgment and/or partial summary judgment pursuant to Fed.R.Civ.P. 56.

**Plaintiff's Proposed Motion Cutoff Date:**

Plaintiff proposes that the last day for hearing motions will be September 21, 2009.

**Defendant United States' Proposed Motion Cutoff Date:**

As set forth above, the United States contends that this Joint Report and the March 9, 2009 scheduling conference are premature, since only two of the five parties to this action are able to participate. Thus, it would be inappropriate for the

United States and plaintiff to, among other things, purport to bind the individual defendants to a motion cutoff date to which they did not agree, and which may ultimately have to be amended.

Nonetheless, the United States proposes the following motion cutoff date:

January 1, 2010.

**D.   SETTLEMENT**

The parties discussed the likelihood of settlement and agreed that it was too premature to fully explore settlement but would revisit settlement after initial discovery was completed. The parties agreed to utilize a private mediator as the mandatory settlement procedure pursuant to Local Rule 16-14.

**E.   TRIAL ESTIMATE**

The simultaneous jury and bench trial is estimated to take 10 court days.

**Plaintiff's Proposed Pretrial and Trial Dates:**

Plaintiff proposes a pretrial conference date of November 2, 2009 and a trial date of November 23, 2009.

**Defendant United States' Proposed Pretrial and Trial Dates:**

As set forth above, the United States contends that this Joint Report and the March 9, 2009 scheduling conference are premature, since only two of the five parties to this action are able to participate. Thus, it would be inappropriate for the United States and plaintiff to, among other things, purport to bind the individual defendants to pretrial and trial dates to which they did not agree, and which may ultimately have to be amended.

Nonetheless, the United States proposes the following pretrial and trial dates:

Pretrial Conference:   February 8, 2010

Trial:                 March 2, 2010

**F.   PARTIES**

Plaintiff anticipates that the addition of other parties is possible.

4

**G.      SEVERANCE OR BIFURCATION**

The Plaintiff expects to file a Motion to Bifurcate the Trial, so that the jury has an opportunity to render a judgment on the *Bivens* claims before the judge enters judgment on the FTCA claims. The Plaintiff does not anticipate that it will be necessary to have separate trials or present evidence twice and thus the motion will not require expending additional judicial resources, and therefore may not be a true Motion to Bifurcate, in the traditional sense. Rather, the Plaintiff will ask the Court to refrain from entering judgment on the FTCA claim until the Plaintiff has had an opportunity to consider the jury verdict rendered on the *Bivens* claims and other claims tried to the jury. This will allow the Plaintiffs to potentially avoid losing a favorable judgment on the *Bivens* action under the judgment bar of 28 U.S.C. § 2676.

**H.      OTHER STIPULATIONS**

None.

DATED:    March 2, 2009                         /s/ *Conal Doyle*
                                                CONAL DOYLE

                                                Attorneys for Plaintiff
                                                Martin Hernandez Banderas


DATED:    March 2, 2009                         /s/ *Terrence M. Jones*
                                                TERRENCE M. JONES
                                                Assistant United States Attorney

                                                Attorneys for Defendant
                                                United States of America